INDEX OF EXHIBITS

*Luis Pena and Jennifer Pena v. Ford Motor Company*

1. Main Document (Notice of Removal) (Redacted)

2. Exhibit Index Exhibits A-E (Redacted)

3. Civil Cover Sheet (Redacted)

4. Supplemental Civil Cover Sheet (Redacted)

# Exhibit  1

1   Amy M. Samberg (#013874)
    Collin T. Sult (#024039)
2   SNELL & WILMER L.L.P.
    One South Church Avenue
3   Suite 1500
    Tucson, AZ  85701-1630
4   Telephone: (520) 882-1200
    Facsimile: (520) 884-1294
5   asamberg@swlaw.com
    csult@swlaw.com
6   Attorneys for Defendant Ford Motor Company

7

8               IN THE UNITED STATES DISTRICT COURT

9                 FOR THE DISTRICT OF ARIZONA

10

11  LUIS PENA AND JENNIFER PENA, both
    individually and on behalf of minors          Case No.
12  K. P.        and  A. P

13              Plaintiffs,                        NOTICE OF REMOVAL OF CIVIL
                                                   ACTION; VERIFICATION OF COLLIN
14  v.                                             T. SULT

15  FORD MOTOR COMPANY and DOES 1
    through 50, inclusive,                         [Arizona Superior Court, County of Pima,
16                                                  Case No C20085761]
                Defendants.
17

18  TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT
19        FOR THE DISTRICT OF ARIZONA, TUCSON, ARIZONA

20        PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, defendant

21  Ford Motor Company ("Ford"), hereby removes the state court civil action originally commenced

22  in the Superior Court of the State of Arizona, County of Pima, entitled *Luis Pena and Jennifer*

23  *Pena, et al. v. Ford Motor Company, et al.*, Case No. C20085761 ("State Court Action") to this

24  Court. In support of such removal, Ford states as follows:

25        A.    The State Court Action was filed by plaintiffs Luis Pena, Jennifer Pena, K.

26  P.   and   A. P.        (collectively "the Penas") in the Pima County Superior Court on or

27  about August 19, 2008, as Case No. C20085761.  True and correct copies of the Complaint, Civil

28  Summons, and Certificate of Compulsory Arbitration are attached hereto as **Exhibits A, B and C**

respectively.

B.     On August 25, 2008, Ford's appointed agent was served with process in this action.  True and correct copies of the Service of Process Transmittal and Affidavit of Service are attached hereto as **Exhibits D and E**. Accordingly, this Notice of Removal is filed within thirty (30) days after receipt by Ford of a copy of the Complaint and is timely filed under 28 U.S.C. § 1446(b).

C.     The Penas are residents of the state of Arizona.  Ford is incorporated in the state of Delaware and has its principal place of business in the state of Michigan.  Defendants Does 1 – 50 are fictitious entities whose citizenship "shall be disregarded" for purposes of removal under 28 U.S.C. § 1441 *et seq.*

D.     The factual allegations set forth in the Complaint establish that the amount in controversy exceeds the minimum jurisdictional amount of $75,000, exclusive of interest and costs, as provided under 28 U.S.C § 1332.

E.     This is a civil action over which this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.  Further, this action is removable to this Court pursuant to 28 U.S.C. § 1441.

F.     Under 28 U.S.C. §§ 1446 and 1453, venue of this action is proper in the Court as the district and division within which the State Court Action was brought.

G.     A notification of the filing of the Notice of Removal to District Court has been filed in the Superior Court of Pima County in the State of Arizona.  Written notice of the filing of this Notice of Removal is being delivered to all parties through counsel of record.

H.     Copies of all known process, pleadings, and orders in the State Court Action are attached hereto.

WHEREFORE, Ford respectfully requests that this Notice of Removal be deemed good and sufficient and that the above-referenced action now pending in the Superior Court of Pima County, State of Arizona, be removed to this Court.

...

...

1    DATED this 15th day of September, 2008.

2                              SNELL & WILMER L.L.P.

3

4                    By:  s/ Collin T. Sult
                         Amy M. Samberg
5                        Collin T. Sult
                         One South Church Avenue
6                        Suite 1500
                         Tucson, AZ  85701-1630
7                        Attorneys for Defendant Ford Motor Company

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## VERIFICATION OF COLLIN T. SULT

2

I, Collin T. Sult, verify as follows:

3

      1.     I am an active member in good standing of the State Bar of Arizona and an

4

associate with the law firm of Snell & Wilmer, LLP, counsel of record for Defendant Ford Motor

5

Company.  I have firsthand knowledge of the matters set forth herein.  I submit this verification

6

pursuant to Local Rule Civ. 3.7 and pursuant to Federal Rule of Civil Procedure 11.

7

      2.     Attached as Exhibits A, B, C, D and E are true and complete copies of all

8

pleadings and other documents filed in the state court civil action originally commenced in the

9

Superior Court of the State of Arizona in and for the County of Pima, entitled *Luis Pena and*

10

*Jennifer Pena, et al. v. Ford Motor Company, et al.*, Case No. C20085761.

11

I verify that the foregoing is true and correct.

12

Executed this 15th day of September, 2008, at Tucson, Arizona.

13

               SNELL & WILMER L.L.P.

14

15

         By: s/ Collin T. Sult

16

              Collin T. Sult
              One South Church Avenue

17

              Suite 1500
              Tucson, AZ  85701-1630

18

              Attorneys for Defendant Ford Motor Company

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I hereby certify that on September 15, 2008, I electronically transmitted the attached document to the Clerk's office using the ECF System for filing.

I further certify that on September 15, 2008, I served the attached document by U.S. mail on the following:

Jeffrey Jacobson
THE LAW OFFICE OF JEFFREY H. JACOBSON, PLLC
7473 E. Broadway Blvd.
Tucson, Arizona 85710
Attorneys for Plaintiffs

John H. Gomez
THE GOMEZ LAW FIRM
625 Broadway, Suite 600
San Diego, California  92101

John C. Ramsey
Ron Simon
SIMON & LUKE, LLP
2929 Allen Parkway, 42nd Floor
Houston, Texas 77019

s/Lynn Salcido

9108883.1

- 5 -

# Exhibit 2

INDEX OF EXHIBITS

*Luis Pena and Jennifer Pena v. Ford Motor Company*

INDEX OF EXHIBITS TO NOTICE OF REMOVAL ACTION

A.  Complaint
B.  Civil Summons
C.  Certificate of Compulsory Arbitration
D.  Service of Process Transmittal
E.  Affidavit of Service

9109246.1

# Exhibit A

Jeffrey Jacobson (AZ Bar No. 019502)
THE LAW OFFICE OF JEFFREY H. JACOBSON, PLLC
7473 E. Broadway Blvd.
Tucson, Arizona 85710
Telephone:  520-751-7811
Facsimile:  520-751-7805
Email: jeff@jhj-law.com
Attorneys for Plaintiffs

John H. Gomez (CA. Bar No. 171485)
THE GOMEZ LAW FIRM
625 Broadway, Suite 600
San Diego, California  92101
Telephone:  (619) 237-3490
Fax: (619) 237-3496
Email: john@thegomezfirm.com
*Pro Hac Vice* Pending

John C. Ramsey (TX. Bar No. 24027762)
Ron Simon (TX. Bar No. 00788421)
SIMON & LUKE, LLP
2929 Allen Parkway, 42nd Floor
Houston, Texas 77019
Telephone: (713) 335-4900
Fax: (713) 335-4949
Email: johnramsey@simonluke.com
*Pro Hac Vice* Pending

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF PIMA

| | |
|---|---|
| LUIS PENA AND JENNIFER PENA, both individually and on behalf of minors K. P.  and  A. P. | Case No.:  **C20085761** |
| Plaintiffs, | COMPLAINT |
| v. | **JAVIER CHON-LOPEZ** |
| FORD MOTOR COMPANY and DOES 1 through 50, inclusive, | |
| Defendants. | |

For their Complaint against Defendants, Plaintiffs Luis Pena and Jennifer Pena allege as follows:

- 1 -

## PARTIES, JURISDICTION AND VENUE

1.   Plaintiff Luis Pena lives in Pinal County, Arizona.

2.   Jennifer Pena is the spouse of Luis Pena and resides with her husband in Pinal County, Arizona.

3.   A. P.         is a minor born .        , 1995 and the natural daughter of Jennifer Pena and Luis Pena.  She resides with her parents in Pinal County, Arizona.

4.   K. P.     is a minor born          2001 and the natural daughter of Luis Pena. She resides in Philadelphia, Pennsylvania.

5.   Defendant Ford Motor Company ("Ford") is a Michigan corporation with its principal place of business in Dearborn, Michigan.  Ford is licensed and authorized to conduct business in Arizona, and does conduct such business through agents and/or representatives in Arizona. Ford may be served with process through its registered agent, CT Corporation System, 2394 East Camelback Road, Phoenix, Maricopa County, Arizona.

6.   The true names and capacities of the Defendants named herein as DOES 1 through 50, inclusive, whether individual, corporate, governmental, associate or otherwise, are unknown to Plaintiff who therefore sues such Defendants by fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

7.   Jurisdiction and venue are proper in this Court. A.R.S. § 12-401.

## FACTS

8.   On or about October 18, 2007, Luis Pena, an agent with the United States Border Patrol, was on duty in or near Casa Grande, Arizona.  He was traveling westbound on Federal Route 20 in his government-issued vehicle, a 2003 Ford F-250 XL Super Duty truck, V.I.N. 1FTNX21L83EC87679 (the "F-250").  Federal Route 20 on the Tohono O'Odham Nation outside of Sells, Arizona, is in Pima County. As Agent Pena was responding to a narcotics call, the vehicle drifted to the right and began to leave the paved portion of the roadway.  Agent Pena attempted to correct his vehicle's path by steering to the left.  The vehicle immediately

- 2 -

lost control into a sideways yaw, left the roadway and rolled at slow speeds.  The F-250 eventually came to a rest on its tires adjacent to the road.

9.     During the roll sequence, the F-250's weak roof crushed down onto Agent Pena, trapping him in the driver's seat.

10.    Agent Pena was wearing his seat belt at the time of the incident.

11.    Agent Pena suffered severe injuries as a result of the rollover.  Specifically, he suffered trauma and fractures to multiple levels of his cervical spine, rendering him a quadriplegic for the rest of his life.  Agent Pena was 30 years old at the time of the incident.

12.    Ford and Does 1-50 designed, manufactured, assembled, tested, sold, and placed the F-250, and its component part into the stream of commerce.

## STRICT LIABILITY
### (AGAINST ALL DEFENDANTS)

13.    At all times, Ford and Does 1-50 were in the business of designing, manufacturing, and marketing pickup trucks.

14.    The F-250 was defective and unreasonably dangerous at the time it was designed, manufactured, and marketed.

15.    Specifically, Ford and Does 1-50 are strictly liable for the defective F-250 in one or more of the following ways:

     a.     The vehicle is defective in that it was not designed to provide reasonable and necessary occupant protection in the event of a rollover;

     b.     The vehicle is defective in that the design of the track width, wheelbase and vertical center-of-gravity height, create an unreasonable risk of rollover given the uses for which the vehicle was marketed;

     c.     The defects in the design of the track width, wheelbase and vertical center-of-gravity height create an unreasonable and extreme risk of rollover that is both beyond the expectations of the consumer and create a risk that far outweighs any benefit associated with the design;

     d.     The vehicle is defective because Ford chose not to equip the F-250 with Electronic Stability Control ("ESC"), which would have prevented Agent Pena's rollover and resulting injuries;

e.    The vehicle is defective in that the roof and its supporting pillars fail to afford the occupant sufficient protection during a rollover; and

f.    Ford failed to adequately warn or instruct consumers of the dangers associated with incidents of rollover and roof crush on its vehicle.

16.    The unreasonably dangerous nature of the above-noted defects creates a high probability that the F-250 will, and does, rollover, resulting in roof crush and loss of human life and/or catastrophic personal injuries.  The defect creates an emergency situation (unexpected rollover) and jeopardizes the life of the driver and his passengers.

17.    The above-noted defects were a producing and proximate cause of the incident and resulting injuries and damages.

18.    Safer alternative designs were both economically and technologically feasible at the time the F-250 left Ford's control; yet Ford chose not to use the safer alternative designs.

19.    Ford and Does 1-50 are therefore strictly liable for designing, manufacturing, marketing, testing, and/or placing defective and unreasonably dangerous products into the stream of commerce.

## NEGLIGENCE
### (AGAINST ALL DEFENDANTS)

20.    Ford and Does 1-50 owed Plaintiffs a duty of ordinary care in the design, manufacture, production, testing, and distribution of the F-250.  Further, Defendants owed Plaintiffs the duty of warning or instructing Plaintiffs of potentially hazardous or life-threatening conditions with respect to this product.

21.    Ford breached its duties in one or more of the following ways:

a.    Negligently designing the vehicle from a handling and stability standpoint;

b.    Negligently designing a vehicle with poor rollover resistance;

c.    Negligently designing a vehicle with poor occupant protection in the event of a rollover;

d.    Failing to test the vehicle to minimize the risk of rollover;

e.    Failing to equip the vehicle with ESC;

f.    Failing to test the vehicle to ensure proper occupant protection in the event of a rollover;

g.    Failing to adequately train and inform the United States Border Patrol of the problems associated with rollovers and roof crush;

h.    Failing to disclose known problems and defects to the general public;

i.    Negligently marketing the vehicle as a safe and stable vehicle;

j.    Failing to comply with industry standards in the automotive industry by supplying a vehicle prone to rollover with poor occupant protection;

k.    Failing to recall the rollover-prone truck, or alternatively, retrofitting the vehicle to enhance safety; and

l.    Negligently concealing known dangers associated with the roof collapsing as a result of a rollover.

22.    The foregoing negligent acts were a proximate cause of the crash and resulting injuries and damages.

23.    All dangers associated with the vehicle were reasonably foreseeable and/or scientifically discoverable at the time of the incident in question.

## DAMAGES

24.    As a proximate and producing result of the acts and omissions outlined above, Plaintiffs have suffered, and will continue to suffer in the future, damages within the jurisdictional limits of this Court.    These damages include:    pain and suffering; mental anguish; physical disfigurement; physical impairment; lost earnings; medical, pharmaceutical, and hospital expenses; loss of consortium; loss of companionship and society; loss of services; loss of property; as well as other economic and non-economic damages..

## EXEMPLARY DAMAGES
### (FORD MOTOR COMPANY ONLY)

25.    Plaintiff incorporates the allegations set forth in paragraphs 1-25 of the Complaint. Plaintiff further alleges, as to Defendant Ford Motor Company as follows:

26.    The conduct of Ford Motor Company was done with fraud, malice and oppression, and with the willful and conscious disregard of Plaintiffs' rights and safety and the rights and safety of others, thereby entitling the Plaintiffs to damages in an amount sufficient to punish or make an example of Ford Motor Company.

27.    Furthermore, Ford Motor Company, through its officers, directors and/or managing agents, authorized, directed, conducted and ratified each of the following acts, and engaged in the following conduct:

    a.    In its "1965-66 Roof Collapse Evaluation" study, Ford conducted drop-testing on the roofs of a number of its vehicles to determine whether they would "incur[] subjectively unacceptable collapse" of the roof into the passenger compartment. "Subjectively unacceptable collapse" of the roofs was defined as encroachment of the roof "upon a 30" rod mounted vertically in the front occupant position with its end at the "H" point with seat full forward." In other words, Ford recognized roof collapse that left less than 30 inches of "survival space" between the "H" point and the roof was "subjectively unacceptable."

    b.    A second purpose of Ford's "1965-66 Roof Collapse Evaluation" was to evaluate a roof crush criteria proposed by the SAE Automotive Safety Committee whereby vehicles dropped on their roof from a height of 2 feet would not demonstrate the "subjectively unacceptable" roof collapse defined above as encroachment of the roof to within 30 inches of the "H" point.

    As part of the study, Ford dropped a number of its vehicles on their roofs from both 2 and 3 feet.  Every vehicle demonstrated "subjectively unacceptable" roof collapse when dropped from heights of 2 and 3 feet.

    d.    In 1967, Ford did a "safety benefit/cost summary" in which it attempted to determine the cost of human lives and serious injuries versus the cost of improving its vehicles to prevent deaths and serious injuries.  In that study, Ford concluded that "totally effective rollover protection cannot be easily justified if it costs more than $26 per car."

- 6 -

e.     By that time, Ford knew that the "incidence of roof impact [was] significant" in crashes involving its vehicles.  Specifically, and as part of a 1968 roof strength study, Ford concluded that:

> People are injured by roof collapse.  The total number of nationwide deaths and injuries cannot be estimated but it is a significant number.

In other words, Ford knew, and at all times relevant to this lawsuit has known, that a "significant" portion of the vehicles that it sold to the consuming public would be involved in crashes where those cars rolled over or otherwise ended up on their roofs.

f.     The same 1968 roof strength study confirms the "subjectively unacceptable" roof collapse criteria recognized in Ford's 1965-66 Roof Collapse Evaluation and further recognizes that "roof intrusion to 29.4 inches above the 'H' point will not interfere with the "depressed head" space of 99% of vehicle occupants."

g.     The 1968 study also predicts that the use of 3-point seatbelts will increase, leaving occupants more vulnerable to roof crush injuries, and concludes that, for that reason, roof strength must be improved:

> It is obvious that occupants that are restrained in upright positions are more susceptible to injury from a collapsing roof than unrestrained occupants who are free to tumble about the interior of the vehicle.  It seems unjust to penalize people wearing effective restraint systems by exposing to more severe rollover injuries than they might expect with no restraints.

h.     The 1968 study concluded that Ford needed to change the design of its vehicles to increase their roof strength to withstand "loading of twice the weight of the vehicle."

i.     On February 1, 1984, Fords President publicly issued a safety directive that required the company to design its products "not only to meet or exceed all applicable laws and regulations, but also to advance the state-of-the-art wherever practicable." The directive went on to say that "in evaluating potential advances in the state-of-the-art in product safety, the issue of cost should not preclude consideration of possible alternatives."  In a policy letter three years later, he reiterated the same policy, that cost should not preclude product safety advances and

- 7 -

state-of-the-art product safety.

j.      At the same time that the President issued his policy statement publicly, privately he learned that with the increase in seat belt usage, as predicted by the 1967 study, occupants would be retained in vehicles during rollovers and thus the focus on occupant protection needed to shift to the roof structure "to minimize the risk of restrained occupant injury." He was also warned that "to reduce the probability of roof crush," Ford needed to "establish a guideline that exhibits criteria proportionally better than the 216 requirements, particularly for ductile roof materials."

k.      Soon thereafter, alarmed by "deteriorating car profits," the Chairman of the Board officially renounced Ford's public safety policy, and instead, privately ordered a reduction in costs "related to items designed to achieve or exceed compliance with regulatory requirements to as low a level as possible to maximize our future pricing  flexibility *vis-a-vis* competition." It was decided by the Chairman of the Board, the Vice Chairman and the Controller that "all efforts to improve [profit] margins should be pursued ... and should be central to our thinking on all programs ...."

l.      Consistent with that new profit-driven policy to reduce spending on safety to the minimal level required by law, Ford not only designed the roofs of its vehicles only to meet FMVSS 216's antiquated, inadequate and unrealistic roof crush test, it actively resisted any and all efforts to strengthen the requirements of that standard.

m.      Ford likewise tested the roof strength of its passenger vehicles, only to comply with FMVSS 216's antiquated, inadequate and unrealistic roof crush standards. At no time did Ford conduct drop testing, dynamic rollover testing, or any other even remotely "real world" tests of the Subject Ford F250 to ensure that its roof would not experience "subjectively unacceptable" collapse in the event of a rollover crash, thereby leaving inadequate "survival space" to protect occupants like Plaintiff from serious injury or death. Ford failed to perform that necessary testing to save both the costs of improving roof structure and testing itself.

- 8 -

n.   The roof of the Ford F250 fails Fords internal requirement that it withstand "loading of twice the weight of the vehicle." Indeed, Ford engineers know that Ford hates to unnecessarily crash vehicles as part of testing.

o.   As a result, and when the F250 was involved in a foreseeable rollover crash, its roof collapsed substantially more than 4 inches and otherwise well beyond the level which Ford itself had previously recognized as "subjectively unacceptable", leaving Plaintiff, who was trapped upright by his proper use of a 3-point seatbelt with virtually no "survival space" whatsoever, and causing him permanent, catastrophic and crippling injuries.

p.   Ford has been on notice for decades that the reduced track width combined with a high center-of-gravity produces a hazardous combination that often results in catastrophic rollover. Moreover, Ford has known that anti-rollover technology such as ESC prevents a vehicle from rolling over. Consequently, auto manufacturers, including Ford, have installed ESC on many makes and models of their vehicles for many years.

28.   80,000 Americans each year are involved in a rollover. Over 10,000 die from injuries associated with rollovers. Ford has known for several decades that when a vehicle rolls over, a weak roof will kill or catastrophically injure a vehicle's occupants. Simple, inexpensive reinforcements to the roof pillars and roof rails prevent the roof from encroaching into the occupant space. Ford is intimately aware of these safer designs because Ford's engineers design, manufacture, and test vehicles such as the Volvo XC90 that have a far superior roof than vehicles sold under the "Ford" brand, such as agent Pena's Ford F-250. Had Ford implemented these safer designs, it would have saved countless consumers from falling victim to the perils of roof crush. Unfortunately, Ford decided long ago to turn a blind eye to this epidemic and ignore the recommendations of others within the industry and the voices of the victims.

29.   Because Ford was on notice of prior injuries and deaths associated with these types of failures and failed to act accordingly, Plaintiffs now seek exemplary damages. Ford's conduct as described above constitutes acts and/or omissions which, when viewed objectively from

1    Ford's standpoint at the time of the occurrence, involved an extreme degree of risk, considering

2    the probability and magnitude of the potential harm to others.  Defendant had actual, subjective

3    awareness of the risk involved, but nevertheless proceeded with conscious indifference to the

4    rights, safety, and welfare of others.

5    30.      The conduct of Ford Motor Company, as set forth above, constitutes fraud and/or

6    malice and oppression. Therefore, Plaintiff seeks punitive or exemplary damages in an amount

7    sufficient to punish or set an example of Ford Motor Company.

8    31.      Plaintiffs request a trial by jury and hereby tender the applicable fee.

9            WHEREFORE, Plaintiffs pray that Ford be cited to appear and answer and that upon

10   trial of this matter, Plaintiffs be awarded the following:

11

12           a.      Past and future actual damages;

13           b.      Exemplary damages;

14           c.      Fees and costs of court;

15           d.      Pre- and post-judgment interest at the highest rate allowed by law; and

16           f.      For such other and further relief as this Court may deem just and proper.

17

18                         Dated:  August 19, 2008.

19

20                         THE LAW OFFICE OF
                           JEFFREY H. JACOBSON, PLLC
21

22                         By: _____
                               Jeffrey Jacobson
23                             Attorneys for Plaintiffs

24   ORIGINAL of the foregoing filed with:

25   Clerk of the Court
26   Pima County Superior Court
     110 West Congress Street
27   Tucson, AZ 85701

28

- 10 -

# Exhibit B

8-25-08
12:20 pr

Jeffrey Jacobson (AZ Bar No. 019502)
THE LAW OFFICE OF JEFFREY H. JACOBSON, PLLC
7473 E. Broadway Blvd.
Tucson, Arizona 85710
Telephone: 520-751-7811
Facsimile: 520-751-7805
Email: jeff@jhj-law.com
Attorneys for Plaintiffs

John H. Gomez (CA. Bar No. 171485)
THE GOMEZ LAW FIRM
625 Broadway, Suite 600
San Diego, California 92101
Telephone: (619) 237-3490
Fax: (619) 237-3496
Email: john@thegomezfirm.com
*Pro Hac Vice* Pending

John C. Ramsey (TX. Bar No. 24027762)
Ron Simon (TX. Bar No. 00788421)
SIMON & LUKE, LLP
2929 Allen Parkway, 42nd Floor
Houston, Texas 77019
Telephone: (713) 335-4900
Fax: (713) 335-4949
Email: johnramsey@simonluke.com
*Pro Hac Vice* Pending

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

### IN AND FOR THE COUNTY OF PIMA

| | |
|---|---|
| LUIS PENA AND JENNIFER PENA, both individually and on behalf of minors K. P. and A. P. | Case No.: C20085761 |
| Plaintiffs, | CIVIL SUMMONS |
| v. | |
| FORD MOTOR COMPANY and DOES 1 through 50, inclusive, | JAVIER CHON-LOPEZ |
| Defendants. | |

**THE STATE OF ARIZONA** to the Defendants, FORD MOTOR COMPANY:

     I.    A lawsuit has been filed against you.

- 1 -

II.   If you do not want a Judgment taken against you for the relief demanded in the accompanying Complaint, you must file a Response in writing in the Office of the Clerk of the Pima County Superior Court, 110 West Congress, Tucson, Arizona 85701, accompanied with the necessary filing fee. A copy of the Response must also be mailed to the attorney whose names appear above.

III.   The Response must be filed within **TWENTY DAYS**, exclusive of the date of service, if served within the State of Arizona, or within THIRTY DAYS, exclusive of the date of service, if served outside the State of Arizona.

IV.   This is a legal document. If you do not understand its consequences, you should seek the advice of an attorney.

V.   Requests for reasonable accommodation for persons with disabilities must be made to the division assigned to the case by parties at least three (3) judicial days in advance of a scheduled court proceeding.

WITNESS MY HAND AND SEAL of the Pima County Superior Court.

DATED:   AUG 1 9 2008

Clerk of the Superior Court

PATRICIA A. NOLAND

By: _____

- 2 -

# Exhibit C

1

Jeffrey Jacobson (AZ Bar No. 019502)
THE LAW OFFICE OF JEFFREY H. JACOBSON, PLLC

2

7473 E. Broadway Blvd.
Tucson, Arizona 85710

3

Telephone:  520-751-7811
Facsimile:  520-751-7805

4

Email: jeff@jhj-law.com

5

Attorneys for Plaintiffs

6

John H. Gomez (CA. Bar No. 171485)
THE GOMEZ LAW FIRM

7

625 Broadway, Suite 600

8

San Diego, California 92101
Telephone:  (619) 237-3490

9

Fax: (619) 237-3496
Email: john@thegomezfirm.com

10

*Pro Hac Vice* Pending

11

John C. Ramsey (TX. Bar No. 24027762)

12

Ron Simon (TX. Bar No. 00788421)
SIMON & LUKE, LLP

13

2929 Allen Parkway, 42nd Floor
Houston, Texas 77019

14

Telephone: (713) 335-4900

15

Fax: (713) 335-4949
Email: johnramsey@simonluke.com

16

*Pro Hac Vice* Pending

17

18

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

19

IN AND FOR THE COUNTY OF PIMA

20

LUIS PENA AND JENNIFER PENA, both
individually and on behalf of minors

21

K. P.      and   A. P.

22

Plaintiffs,

23

v.

24

FORD MOTOR COMPANY and DOES 1
through 50, inclusive,

25

Defendants.

26

Case No.:   **C20085761**

CERTIFICATE OF COMPULSORY
ARBITRATION

**JAVIER CHON-LOPEZ**

COPY

AUG 19 2008

PATRICIA A. NOLAND
CLERK, SUPERIOR COURT

27

Undersigned counsel certifies that the largest award sought by the complainant,

28

including punitive damages, but excluding interest, attorneys' fees, and costs, exceeds the

- 1 -

1 limits set by Local Rule for compulsory arbitration.  See Rule 72(b), Ariz. R. Civ. Proc.  This

2 case is not subject to compulsory arbitration.

3                             Dated:  August 19, 2008.

5                                     THE LAW OFFICE OF

6                                     JEFFREY H. JACOBSON, PLLC

7                                 By: _____

8                                     Jeffrey Jacobson

9                                     Attorneys for Plaintiffs

10 ORIGINAL of the foregoing filed with:

11 Clerk of the Court
12 Pima County Superior Court
110 West Congress Street
13 Tucson, AZ 85701

- 2 -

# Exhibit D

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process
Transmittal**
08/25/2008
CT Log Number 513784883

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖

**TO:**     Chris Dzbanski
Ford Motor Company
Three Parklane Blvd., Ste.1400 West
Dearborn, MI 48126-

**RE:**     **Process Served in Arizona**

**FOR:**    Ford Motor Company (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Luis Pena and Jennifer Pena, etc., Pltfs. vs. Ford Motor Company, et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Certificate |
| **COURT/AGENCY:** | Superior Court, Pima County, AZ<br>Case # C20085761 |
| **NATURE OF ACTION:** | Product Liability Litigation - Manufacturing Defect - Defective 2003 Ford F-250 XL Super Duty Truck VIN-1FTNX21L83EC87679 resulting in roll over causing personal injuries |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Phoenix, AZ |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 08/25/2008 at 12:25 |
| **APPEARANCE OR ANSWER DUE:** | Within 10 days, exclusive of the date of service |
| **ATTORNEY(S) / SENDER(S):** | Jeffrey Jacobson<br>The Law Office of Jeffrey H. Jacobson, PLLC<br>7473 E. Broadway Blvd.<br>Tucson, AZ 85710<br>520-751-7811 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  Fed Ex 2 Day , 791126281771<br>Image SOP - Page(s): 15<br>Email Notification, Chris Dzbanski CDZBANSK@FORD.COM |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>Loren Bates<br>2394 E. Camelback Road<br>Phoenix, AZ 85016<br>602-277-4792 |

Page 1 of  1 / DL

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

# Exhibit E





08 SEP -2 PM 12: 58

HAWKINS and E-Z MESSENGER
10 W. Madison Street          BY: E. BRADFORD,
Phoenix, AZ 85003                 DEPUTY
(602) 258-8081  FAX: (602) 258-8864

IN THE ARIZONA SUPERIOR COURT
STATE OF ARIZONA COUNTY OF PIMA

**LUIS PENA AND JENNIFER PENA**          CASE NO. C2008 5761
            VS                           JUDGE  CHON-LOPEZ
**FORD MOTOR COMPANY**

STATE OF ARIZONA              )          AFFIDAVIT OF SERVICE
MARICOPA COUNTY               )
THE AFFIANT, being sworn, states: That I am a private process server registered in
MARICOPA COUNTY and an Officer of the Court.  On 08/22/08 I received the CIVIL
SUMMONS; COMPLAINT; CERTIFICATE OF COMPULSORY ARBITRATION

from THE LAW OFFICE OF JEFFREY H. JACOBSON, PLLC and by JEFFREY JACOBSON in each
instance I personally served a copy of each document listed above upon:
FORD MOTOR COMPANY BY SERVICE UPON ITS STATUTORY AGENT C.T CORPORATION SYSTEM on
08/25/08 at 12:25 pm at 2394 E. CAMELBACK RD. PHOENIX, AZ 85016 MARICOPA COUNTY in
the manner shown below:

by leaving true copy(ies) of the above documents with MOLLY MARTINEZ, PROCESS
SPECIALIST, STATED AUTHORIZED TO ACCEPT.

Description: HISP, Female, Approx. 45 yrs. of age, 4' 6" tall, Weighing 130lbs.,
BROWN Hair,

DON A. FOUTZ  ACPS                    Affiant
Sworn to before me the  Aug 27, 2008

Kathy Hernandez                        Notary

My Commission expires:  06/01/2012

| SERVICE OF PROCESS | $ | 16.00 |
| MILES          8 | $ | 19.20 |
| SERVICE CHARGE | $ | 5.00 |
| AFFIDAVIT PREP/NOTARY | $ | 10.00 |
| TOTAL | $ | 50.20 |

1452832  17000         13   AX021452832
ORIGINAL



OFFICIAL SEAL
KATHY HERNANDEZ
NOTARY PUBLIC-ARIZONA
MARICOPA COUNTY

1    Jeffrey Jacobson (AZ Bar No. 019502)
2    THE LAW OFFICE OF JEFFREY H. JACOBSON, PLLC
     7473 E. Broadway Blvd.
3    Tucson, Arizona 85710
     Telephone:  520-751-7811
4    Facsimile:  520-751-7805
     Email: jeff@jhj-law.com
5    Attorneys for Plaintiffs

6    John H. Gomez (CA. Bar No. 171485)
     THE GOMEZ LAW FIRM
7    625 Broadway, Suite 600
     San Diego, California  92101
8    Telephone:  (619) 237-3490
9    Fax: (619) 237-3496
     Email:  john@thegomezfirm.com
10   *Pro Hac Vice* Pending

11
     John C. Ramsey (TX. Bar No. 24027762)
12   Ron Simon (TX. Bar No. 00788421)
     SIMON & LUKE, LLP
13   2929 Allen Parkway, 42nd Floor
     Houston, Texas 77019
14   Telephone: (713) 335-4900
15   Fax: (713) 335-4949
     Email: johnramsey@simonluke.com
16   *Pro Hac Vice* Pending

17              IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

18                   IN AND FOR THE COUNTY OF PIMA

19

20   LUIS PENA AND JENNIFER PENA, both    )   Case No.: **C20085761**
     individually and on behalf of minors )
21   K. P.          and      A. P.        )
                                          )
22                        Plaintiffs,     )   CIVIL SUMMONS
                                          )
23   v.                                   )
                                          )   **JAVIER CHON-LOPEZ**
24   FORD MOTOR COMPANY and DOES 1        )
     through 50, inclusive,               )
25                                        )
                         Defendants.      )
26

27   **THE STATE OF ARIZONA** to the Defendants, FORD MOTOR COMPANY:

28         I.    A lawsuit has been filed against you.

                                - 1 -

II.   If you do not want a Judgment taken against you for the relief demanded in the accompanying Complaint, you must file a Response in writing in the Office of the Clerk of the Pima County Superior Court, 110 West Congress, Tucson, Arizona 85701, accompanied with the necessary filing fee. A copy of the Response must also be mailed to the attorney whose names appear above.

III.   The Response must be filed within **TWENTY DAYS**, exclusive of the date of service, if served within the State of Arizona, or within THIRTY DAYS, exclusive of the date of service, if served outside the State of Arizona.

IV.   This is a legal document. If you do not understand its consequences, you should seek the advice of an attorney.

V.    Requests for reasonable accommodation for persons with disabilities must be made to the division assigned to the case by parties at least three (3) judicial days in advance of a scheduled court proceeding.

WITNESS MY HAND AND SEAL of the Pima County Superior Court.

DATED:   AUG 1 9 2008

Clerk of the Superior Court

**PATRICIA A. NOLAND**

By: _____

-2-

# Exhibit  3

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Luis Pena and Jennifer Pena, both individually and on behalf of minors K.P. and A.P.

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
SEE ATTACHMENT

## DEFENDANTS
Ford Motor Company

County of Residence of First Listed Defendant  WAYNE
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)
AMY SAMBERG AND COLLIN SULT
SNELL & WILMER L.L.P.
1 S. CHURCH STE. 1500
TUCSON, AZ 85701

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)   and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" In One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☒ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities – Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities – Other / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus – Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
§28 U.S.C. 1332
Brief description of cause: Motor vehicle, product liability, personal injury

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P.23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE  9/15/08
SIGNATURE OF ATTORNEY OF RECORD
S/COLLIN T. SULT

## FOR OFFICE USE ONLY
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

9109328.1

JS 44 Reverse (Rev. 12/07)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.    (a) Plaintiffs–Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.    Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S is a party, the U.S. Plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.    Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.    Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.    Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.    Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**                    Example:          U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII. Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII. Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

9109328.1

Jeffrey Jacobson
THE LAW OFFICE OF JEFFREY H. JACOBSON, PLLC
7473 E. Broadway Blvd.
Tucson, Arizona 85710
Telephone: 520-751-7805

John H. Gomez
THE GOMEZ LAW FIRM
625 Broadway, Suite 600
San Diego, California  92101
Telephone: 619-237-3490
*Pro Hac Vice* Pending

John C. Ramsey
Ron Simon
SIMON & LUKE, LLP
2929 Allen Parkway, 42nd Floor
Houston, Texas 77019
Telephone: 713-335-4900
*Pro Hac Vice* Pending

# Exhibit  4

**SUPPLEMENTAL CIVIL COVER SHEET
FOR CASES REMOVED FROM ANOTHER JURISDICTION**

This form must be attached to the Civil Cover Sheet at the time
the case is filed in the United States District Clerk's Office.

Additional sheets may be used as necessary.

1.     **Style of the Case:**

Please include all Plaintiff(s), Defendant(s), Intervenor(s), Counterclaimant(s),
Crossclaimant(s) and Third Party Claimant(s) still remaining in the case and indicate
their party type.  Also, please list the attorney(s) of record for each party named and
include their bar number, firm name, correct mailing address, and phone number
(including area code).

| Party | Party Type | Attorney(s) |
|---|---|---|
| Luis Pena, Jennifer Pena, K. P.  and  A. P. | Plaintiffs | Jeffrey Jacobson John Gomez John C. Ramsey |
| Ford Motor Company | Defendant | Amy Samberg Collin Sult |
| Does 1-50 | Defendants | N/A |

2.     **Jury Demand:**

Was a Jury Demand made in another jurisdiction?          ☒Yes      ☐No
If "Yes," by which party and on what date?

          Plaintiffs                          August 19, 2008

3.     **Answer:**

Was an Answer made in another jurisdiction?          ☐Yes      ☒No
If "Yes," by which party and on what date?

4.     **Served Parties:**

The following parties have been served at the time this case was removed:

| Party | Date Served | Method of Service |
|---|---|---|
| Ford Motor Company | 8/25/08 | CT Corporation System Via Personal Service |

9109424.1

5.    **Unserved Parties:**

The following parties have not been served at the time this case was removed:

Party                                Reason Not Served


N/A

6.    **Nonsuited, Dismissed or Terminated Parties:**

Please indicate changes from the style of the papers from another jurisdiction and the reason for the change:

Party                                Reason for Change


N/A

7.    **Claims of the Parties:**

The filing party submits the following summary of the remaining claims of each party in this litigation:

Party                                Reason for Change

Plaintiffs                           Motor Vehicle, Product Liability, Personal Injury

**Pursuant to 28 USC § 1446(a) a copy of all process, pleadings, and orders served in another jurisdiction (State Court) shall be filed with this removal.**